IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joshua Cheyenne Gilliland,<br><br>            Petitioner,<br>vs.<br><br>David Shinn, et al.,<br><br>           Respondents. | No. CV-22-01194-PHX-SPL (JFM)<br><br>**ORDER** |

    Petitioner Joshua Cheyenne Gilliland has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Honorable James F. Metcalf, United States Magistrate Judge, issued a Report and Recommendation ("R&R") (Doc. 11), recommending that the Court stay the Petition. Judge Metcalf advised the parties that they had fourteen (14) days to file objections to the R&R and that failure to file timely objections could be considered a waiver of the right to obtain review of the R&R. (Doc. 11 at 5–6) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72; *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)).

    The parties did not file objections, which relieves the Court of its obligation to review the R&R. *See Reyna-Tapia*, 328 F.3d at 1121; *Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("[Section 636(b)(1)] does not . . . require any review at all . . . of any issue that is not the subject of an objection."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). The Court has nonetheless reviewed the R&R and finds that it is well-taken.

The Court will adopt the R&R and stay the Petition pending completion of Petitioner's pending state post-conviction relief proceedings. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate"); Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). Accordingly,

**IT IS ORDERED**:

1. That Magistrate Judge James F. Metcalf's Report and Recommendation (Doc. 11) is **accepted** and **adopted** by the Court;

2. That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **stayed** pending completion of Petitioner's state post-conviction relief proceedings;

3. That Respondents shall provide a notice of status, providing the status of Petitioner's state PCR proceedings, within **60 days** of the Court's stay order, and at least every **90 days** thereafter; and

4. Petitioner shall provide a notice of status upon entry of any order resolving his state PCR petition, whether by grant, denial, or dismissal and whether by the trial court, the Arizona Court of Appeals, the Arizona Supreme Court, or the United States Supreme Court.

Dated this 5th day of January, 2023.

Honorable Steven P. Logan
United States District Judge